UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CLARK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PORTECTION, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-04808-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 16 |

　　　Before the Court is the motion to dismiss filed by Defendant California Department of Forestry and Fire Protection ("CAL FIRE") and several of its employees, Jim Crawford, Shana Jones, Derek Witmer, Ken Pimlott, and Mike Mathiesen (collectively "Defendants"). Dkt. No. 16 ("Mot."). Defendants move to dismiss the complaint filed by Plaintiff Daniel Clark ("Plaintiff"), Dkt. No. 1 ("Compl."), for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition, Dkt. No. 17 ("Opp."), and Defendants have replied, Dkt. No. 18 ("Reply").

　　　Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is suitable for disposition without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's claims are **DISMISSED WITH PREJUDICE** except for his claims for breach of contract and defamation against the individual Defendants, which are **DISMISSED WITH LEAVE TO AMEND**.

**I.　BACKGROUND**

　　　**A.　Factual Allegations**

　　　This unusual case involves Halloween, a helicopter, and a gorilla mask. CAL FIRE

employs Plaintiff as a firefighter. Compl. ¶ 10.[1] Plaintiff was stationed with the Santa Clara Unit. *Id.* On October 31, 2013, Plaintiff allegedly wore a gorilla mask while piloting a helicopter from Los Gatos, California, to San Jose, California, to celebrate Halloween and boost the morale of new firefighter recruits that accompanied him on the way to a training exercise. *Id.* ¶ 11.

On November 13 or 14, 2013, Defendant Darrell Wolf, with the assistance of Defendant Mike Mathiesen, began an investigation into whether Plaintiff actually wore a gorilla mask while piloting a helicopter. *Id.* ¶ 12. On April 7, 2014, Plaintiff was informed that disciplinary action would be taken against him in the form of a suspension and a loss/reduction of pay for violating CAL FIRE safety protocols and Federal Aviation Administration regulations. *Id.*

Sometime after hearing about this disciplinary action, Plaintiff initiated a proceeding under California's Firefighters Procedural Bill of Rights Act, Cal. Gov't Code §§ 3250, *et seq.*, before the State Personnel Board in an attempt to regain his lost earnings. *Id.* ¶ 13. On November 20 and 21, 2014, the Personnel Board heard Plaintiff's administrative complaint. *Id.* ¶ 14.

Before the Personnel Board issued a ruling, however, Plaintiff agreed to settle his claim and executed a settlement agreement with CAL FIRE. *Id.* The settlement agreement absolved CAL FIRE of any liability for its disciplinary action against Plaintiff in exchange for the removal of the disciplinary records from Plaintiff's personnel file as well as the reinstatement of Plaintiff's lost earnings. *Id.* But Plaintiff alleges that CAL FIRE "reneged" on the settlement agreement by delaying the removal of the disciplinary records from Plaintiff's personnel file, not removing all mentions of discipline, and delaying payment of Plaintiff's lost earnings. *Id.* ¶ 15.

**B.  Procedural History**

Plaintiff filed a complaint in this Court on October 19, 2015. Dkt. No. 1. Plaintiff asserts that Defendants violated his procedural due process rights (in a manner made actionable under § 1983) because they "forced [him] to waive his procedural due process rights" to an administrative hearing by settling his personnel claim under false pretenses. *Id.* ¶ 17. Specifically, "[i]n waiving

---

[1] It is unclear whether Plaintiff is still Defendant's employee. *Compare* Compl. ¶ 10 ("Plaintiff . . . is a firefighter-employee of Defendant[.]") *with id.* ¶ 16 ("Plaintiff . . . lost state employment status after the initial discipline was entered against him by his employer[.]").

2

his rights, Plaintiff was not provided an adequate notice and hearing." *Id.*

Plaintiff also asserts that Defendants violated California's Firefighters Procedural Bill of Rights Act by not providing adequate administrative protections during the initial investigation into the gorilla mask incident, breached the settlement contract by reneging on its terms, and defamed him by issuing notices of adverse action and by using derogatory language during the initial investigation into the gorilla mask incident. *Id.* ¶¶ 18-23.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation

marks and citation omitted).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's complaint on the following grounds: (1) CAL FIRE is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, Plaintiff cannot state any § 1983 claim against it; (2) Plaintiff cannot state any procedural due process claim because there is adequate process in state court; (3) Plaintiff cannot state a claim against the individual Defendants for violation of the Firefighters Procedural Bill of Rights Act because it bars individual liability; (4) Plaintiff cannot state a breach of contract claim against the individual Defendants because the they were not party to the contract at issue; and (5) all of Plaintiff's state law claims are barred by the Eleventh Amendment. The Court discusses each issue in turn and concludes that Defendants' motion should be granted as to all of Plaintiff's claims with partial leave to amend.

### A.      Procedural Due Process Violation Under 42 U.S.C. § 1983

#### 1.      State Agency Liability Under § 1983

Defendants first contend that Plaintiff's procedural due process claim against CAL FIRE under 42 U.S.C. § 1983 fails as a matter of law because CAL FIRE is not a "person" subject to § 1983 liability. Mot. at 4. Plaintiff responds by citing a Ninth Circuit case, *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), for the proposition that § 1983 claims can be brought against the director of a state agency in certain contexts. Opp. at 3.

In relevant part, 42 U.S.C. § 1983 provides that: "Every *person* who, under color of [state law] subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured[.]" It is well-settled that the word "person," within the meaning of § 1983, does not include states or state agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("A State is not a person within the meaning of § 1983."); *Maldonado*, 370 F.3d at 951 ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). CAL FIRE is a state agency and is therefore not a person within the meaning of § 1983. *See Garcia v. Cal. Dep't of Forestry and Fire Protection*, No. CIV S-07-2770, 2009 WL 700517, at \*7 (E.D. Cal. Mar. 12, 2009), *aff'd* 385 Fed. Appx. 636 (9th Cir. 2010). Furthermore, Plaintiff is incorrect that individual

4

state officials are cognizable actors under § 1983 when sued in their official capacities for money damages. *Will*, 491 U.S. at 71 & n.10 (holding that state officials are not cognizable under § 1983 unless sued for injunctive relief).

Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claim against CAL FIRE is granted. Because this defect is legally incurable, the claim is dismissed with prejudice. The Court also *sua sponte* dismisses Plaintiff's § 1983 claim against the individual Defendants to the extent that it seeks monetary damages from them in their official capacities.

### 2. Adequate Process

Defendants also move to dismiss Plaintiff's procedural due process claim on the grounds that the complaint admits adequate process existed. Mot. at 4-6. Specifically, Defendants argue that to the extent Plaintiff's procedural due process claim is based on the allegation that CAL FIRE and the individual Defendants breached the terms of the settlement agreement, Plaintiff cannot state a claim because he can file a lawsuit in state court for breach of contract. *Id.* Plaintiff responds that Defendants are conflating judicial remedies for a procedural due process violation with the process necessary to avoid a procedural due process violation in the first place. Opp. at 4.

The Due Process Clause of Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., amend. XIV. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

To determine whether Plaintiff received adequate process, the Court must first address the nature of the property interests of which he was allegedly deprived. *See Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) ("[R]esolution of . . . whether the administrative procedures provided . . . are constitutionally sufficient requires analysis of the . . . private interests that are affected."). In this regard, Plaintiff's complaint is confusing. To be sure, Plaintiff alleges that the property interests at issue in his claim are "his lost earnings, loss of pay due to unwarranted suspension, and loss of health insurance[.]" Compl. ¶ 17. But this allegation begs a further question: is the legal source of those property interests Plaintiff's public employment or is it the settlement agreement that he

executed?  In other words, is Plaintiff alleging that Defendants violated his procedural due process rights when they initially took disciplinary action against him or is he alleging that they did so when they executed a settlement agreement with him under false pretenses and then breached it? Again, this line of inquiry matters because it defines the type of process Plaintiff was due.

Based on a review of the complaint alone, Plaintiff is alleging Defendants failed to provide adequate process when they settled his administrative claim and then breached the settlement agreement, not when they initially disciplined him.  The complaint makes this clear: "Plaintiff alleges that Defendants violated 42 U.S.C. Section 1983 in that Plaintiff was forced to waive his procedural due process rights when Defendants, under intentional false pretenses or negligently, settled the case.  In waiving his rights Plaintiff was not provided an adequate notice and hearing." *Id.*  Furthermore, Plaintiff alleges that he voluntarily agreed to waive all claims for liability against CAL FIRE in exchange for receiving the pay he lost as a result of the initial discipline against him. *Id.* ¶ 14 ("Plaintiff signed a settlement agreement on or about November 21, 2014 . . . absolving Defendant CAL FIRE of any liability[.]").  To the extent that Plaintiff *could have alleged* that he had a claim against Defendants for the initial deprivation, he has also pled that he released them from that liability.  *See Weisbuch*, 119 F.3d at 783 n.1 (plaintiff can plead himself out of a claim).

Having established that the nature of Plaintiff's property interest is merely contractual, the Court can now determine what process was due.  To that effect, it is well settled that where the property interest in a procedural due process claim is a contractual claim for wages from a state agency, a post-deprivation breach of contract suit in state court provides adequate process.  *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 195 (2001); *accord DeBoer v. Pennington*, 287 F.3d 748, 749-50 (9th Cir. 2002).  That is because there is generally no "present entitlement" to any property interest that is only contractual.  *Id.* at 190 ("[The plaintiff] has not been deprived of any present entitlement.  It has been deprived of payment that it contends it is owed under a contract, based on the State's determination that it failed to comply with the contract's terms.  That property interest can be fully protected by an ordinary breach-of-contract suit.").  The only question then is whether Plaintiff can sue Defendants for breach of contract in state court.  The answer is yes.  *See* Cal. Gov't Code §§ 905.2(b)(3), 945, 945.4.  For that reason, the Court finds that adequate process

1    exists as a matter of law and Plaintiff cannot state a procedural due process claim.

2        Accordingly, Defendants' motion is granted as to the individual Defendants. Because this
3    defect is legally incurable regardless of whether the individual Defendants are sued in their official
4    or individual capacity, the claim is dismissed with prejudice.

### B. Firefighters Procedural Bill of Rights Act

Defendants next contend that Plaintiff cannot state a claim for violation of the Firefighters Procedural Bill of Rights Act, Cal. Gov't Code §§ 3250 *et seq.*, against the individual Defendants because the statute bars individual liability. Mot. at 7. Plaintiff responds that individuals can be liable under the statute if they are not operating in their official capacities. Opp. at 5.

Sections (a) and (d) of California Government Code § 3260, read together, provide that: "It shall be unlawful for any employing department or licensing or certifying agency to deny or refuse to any firefighter the rights and protections guaranteed by [the Firefighters Bill of Rights] . . . An individual shall not be liable for any act for which a fire department is liable under this section." In this way, § 3260 makes perfectly clear that individuals cannot be held liable for violations of the Firefighters Bill of Rights, only an "employing department or licensing or certifying agency." *See id.* Plaintiff argues that § 3260(d) does not proscribe individual liability for violations of the Firefighters Bill of Rights when a fire department could *not* be held liable, but only when a fire department *could* be held liable. The problem with this argument is that § 3260(a) provides no basis for individual liability in the first instance. *See* Cal. Gov't Code § 3260(a).

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Firefighters Bill of Rights claim against the individual Defendants. Because this defect is legally incurable, this claim is dismissed with prejudice.

### C. Breach of Contract

Defendants next move to dismiss Plaintiff's breach of contract claim against the individual Defendants on the grounds that they were not parties to the contract at issue. Not. of Mot. at 2.

Under California law, a plaintiff states a claim for breach of contract where he alleges: (1) the existence of a contract, (2) his performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal.

7

1    4th 811, 821 (2011). Plaintiff's complaint alleges that the settlement agreement that resolved
2    Plaintiff's administrative complaint against CAL FIRE was between him and the department only.
3    Compl. ¶ 14. Furthermore, Plaintiff alleges that it was CAL FIRE that breached the contract. *Id.* ¶
4    15. Nothing about these allegations implicates (or could implicate) the individual Defendants.

5    Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's breach of contract
6    claim as to the individual Defendants. But because the Court cannot definitely say that this claim
7    is legally incurable, Plaintiff is granted leave to amend his breach of contract claim to the extent
8    that he can plausibly allege it against the individual Defendants, in their individual (as opposed to
9    official) capacities. *See* discussion below. Plaintiff is required to plead specific facts regarding
10   each individual Defendant's conduct sufficient to plausibly state a cause of action against that
11   Defendant individually: it will not suffice to again plead in conclusory fashion that "Defendants
12   breached the contract," Compl. ¶ 21. For the reasons set forth below, however, Plaintiff cannot re-
13   allege a breach of contract claim against CAL FIRE.

### D.     Eleventh Amendment Immunity for State Law Claims

15   Finally, Defendants contend that the Eleventh Amendment bars Plaintiff's suit for breach
16   of contract, violation of the Firefighters Bill of Rights, and defamation against Defendants as state
17   departments and actors. Mot. at 6-7. Plaintiff does not directly address this argument, except to
18   say that he is seeking injunctive relief authorized under *Ex Parte Young*, 209 U.S. 123 (1908).

19   The Eleventh Amendment explicitly bars a federal court from entertaining a suit brought
20   by a citizen of another state against a state unless the state consents or Congress abrogates its
21   immunity under the Fourteenth Amendment. U.S. Const., amend. XI; *Pennhurst State School &*
22   *Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). This immunity also extends to state agencies and
23   departments. *Pennhurst*, 465 U.S. at 100 ("It is clear, of course, that in the absence of consent a
24   suit in which the State or one of its agencies or departments is named as the defendant is
25   proscribed by the Eleventh Amendment."). This immunity therefore extends to CAL FIRE. And
26   it applies regardless of whether the plaintiff seeks retroactive relief (damages) or prospective relief
27   (injunctive). *Id.* ("This jurisdictional bar applies regardless of the nature of the relief sought.").
28   Accordingly, Plaintiff's state law claims against CAL FIRE must be dismissed with prejudice.

1    The only remaining issue is whether Plaintiff's state law claim for defamation against the individual Defendants, the last claim left against them, is also barred by the Eleventh Amendment. "[T]he eleventh amendment bars suits in federal court, for both retrospective and prospective relief, brought against state officials acting in their official capacities alleging a violation of state law." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (citing *Pennhurst*, 465 U.S. at 106). In this sense, whether a state official is sued for retroactive relief is irrelevant when that official is sued in his official capacity. Conversely, "the eleventh amendment does not bar a suit seeking damages against a state official personally." *Id.* at 473-74 (quotation marks and citation omitted). For that reason, whether Plaintiff's defamation claim (and other state law claims, for that matter) are barred by the Eleventh Amendment turns on the capacity in which they were sued. Plaintiff's complaint itself does not expressly admit an answer either way. But Plaintiff's opposition brief makes clear that the individual Defendants were sued in their official capacity. *See* Opp. at 5 ("At this time Plaintiff believes that all the individual defendants in this case have acted under the color of state authority by conducting their activities against Plaintiff as state employees.").

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's remaining state law claim for defamation as barred by the Eleventh Amendment. But because Plaintiff could avoid this bar by suing Defendants in their personal capacities (if he can do so consistent with his Rule 11 obligations), Plaintiff is granted leave to amend. With regard to this claim as well, Plaintiff is required to plead specific facts regarding each individual Defendant's conduct sufficient to plausibly state a cause of action against that Defendant individually: it will not suffice to again plead in conclusory fashion that allegedly defamatory statements were "made by Defendants," Compl. ¶ 23.

//
//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff's claims are **DISMISSED WITH PREJUDICE** except for his breach of contract and defamation claims against the individual Defendants, which are **DISMISSED WITH LEAVE TO AMEND** within 30 days of the date of this Order. Plaintiff's counsel should carefully consider his ongoing obligations under Rule 11 when evaluating the contents of any prospective amended complaint.

**IT IS SO ORDERED.**

Dated: 8/19/2016

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge